UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re:<br><br>CARGINA DIXON TAYLOR<br>xxx-xx-8464<br>2904 Casona Way<br>Raleigh NC 27616-5589<br>　　　Debtor<br>-------------------------------------------------<br>Anita Jo Kinlaw Troxler,<br>Standing Trustee<br>　　　Plaintiff<br><br>vs.<br><br>Carvana LLC<br>　　　Defendant. | )<br>)<br>)<br>)  Case No. 21-80170    C13-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adversary Proceeding<br>)  No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO AVOID PREFERENCE

Anita Jo Kinlaw Troxler, Standing Trustee (hereinafter "Trustee") complaining of the Defendant, Carvana LLC, alleges and says:

### JURISDICTION

1. This Court has proper and personal jurisdiction over the subject matter hereof and the parties hereto pursuant to 28 U.S.C. §§151, 157, and 1334, and Standing Order No. 10 entered by the United States District Court for the Middle District of North Carolina on or about August 10, 1984.

2. Venue is proper in this District pursuant to 28 U.S.C. §1409 in that this is an action arising in or related to a proceeding arising under Title 11 of the United States Code which is pending in this District, and this is a core proceeding within the meaning of 28 U.S.C. §157.

### PARTIES

3. On May 5, 2021, Cargina Dixon Taylor (hereinafter "the Debtor") filed a voluntary petition under Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of North Carolina (hereinafter "the Petition Date").

4. Pursuant to order entered by the Court on September 9, 2022, the Trustee, Anita Jo Kinlaw Troxler, was designated as Trustee and is duly qualified and acting as Trustee.

5. Upon information and belief, Defendant Carvana LLC is a corporation duly incorporated in the State of Arizona.

<u>CLAIM FOR RELIEF</u>

6. On or about May 10, 2021, Carvana LLC filed a proof of claim as a secured creditor in the amount of $17,795.91 claiming to be secured against a 2017 Mitsubishi, Vehicle Identification Number JA4AP3AW9HZ054113 (hereinafter "the automobile") titled in the name of the Debtor. The electronic lien and title ("ELT") documentation attachment to the claim failed to document the lien date. On December 12, 2022, Carvana LLC filed an amended proof of claim to document the lien the automobile dated February 24, 2021. Attached hereto and incorporated by reference as "Exhibit A" is a copy of the note and security agreement and title.

7. On January 22, 2021, the Debtor executed a note and security agreement with Carvana LLC in Raleigh, North Carolina. The note and security agreement were held by Carvana LLC at the time the Chapter 13 petition was filed.

8. The Trustee is informed and believes that the Debtor had possession of the automobile on or about January 22, 2021.

9. The lien in favor of Carvana LLC was perfected in accordance with North Carolina General Statutes §20-58.2 on February 24, 2021. The documents necessary to perfect the lien in favor of Carvana LLC were delivered to the North Carolina Department of Motor Vehicles on or about February 24, 2021, more than 30 days after the Debtor received possession of the automobile.

10. The perfection of Carvana LLC's security interest in the automobile was within 90 days prior to the Petition Date.

11. The perfection of the security interest was a transfer of the property of the Debtor and made to or for the benefit of Carvana LLC; for or on account of an antecedent debt; made while the Debtor was insolvent; and enables Carvana LLC to receive more than it would have received if (a) the case were a case under Chapter 7 of Title 11; (b) the transfer had not been made; and (c) Carvana LLC had received payment of such debt to the extent provided by the provisions of Title 11.

12. The transfer and perfection of the security interest in the automobile is avoidable by the Trustee pursuant to 11 U.S.C. §547 and by reason of the failure of Carvana LLC to perfect its security interest within 30 days after the Debtor received possession of the automobile, the perfection does not constitute a contemporaneous exchange under 11 U.S.C. §547(c)(1).

WHEREFORE the Trustee prays the Court that:

1. The lien of Carvana LLC or its successors in interest or assigns, is avoided pursuant to 11 U.S.C. §547 and the claim of Carvana LLC, or its successors in interest or assigns, is allowed as a general unsecured claim;

2. The certificate of title to the automobile be forwarded by Carvana LLC, or its successors in interest or assigns, to the Trustee, to be retained by the Trustee;

3. Upon dismissal of the case, the Trustee shall return the certificate of title to Carvana LLC, or its successors in interest or assigns, and the lien of Carvana LLC, or its successors in interest or assigns, is reinstated pursuant to 11 U.S.C. §349(b)(1)(B);

4. Upon the conversion of this case to Chapter 7, the Trustee shall deliver the certificate of title to the Chapter 7 trustee, and Carvana LLC, or its successors in interest or assigns, shall be required to release the lien on the title to the automobile;

5. Upon this Court entering an Order of discharge of the Debtor in this Chapter 13 case, Carvana LLC, or its successors in interest or assigns, shall be required to release the lien on the title to the automobile; and

6. For such and other further relief that the Court may deem just and proper.

This 2nd day of March, 2023.

                                                  s/ Jennifer R. Harris
                                                Jennifer R. Harris
                                                **Attorney for Plaintiff**
                                                NC State Bar No.: 26857
                                                P.O. Box 1720
                                                Greensboro, NC  27402-1720
                                                Telephone: (336) 378-9164

EXHIBIT A

**NC-102 10/1/2019**

# Retail Installment Contract and Security Agreement
(Consumer Credit Document)

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC<br>1631 NAVAHO DR<br>RALEIGH NC 27609-7532 | Cargina Dixon Taylor<br>2904 Casona Way<br>Raleigh NC 27616-5589 | No. _____<br>Date 01/22/2021 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 700.00 |
|---|---|---|---|---|
| 20.000 % | $ 13,068.02 | $ 18,074.45 | $ 31,142.47 | $ 31,842.47 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 433.00 | monthly beginning 02/22/21 |
| 1 | $ 399.47 | 01/22/27 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $15.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | Mitsubishi | Outlander Sport | Sport Utility | JA4AP3AW9HZ054113 | 24431 |

☐ New
☒ Used
☐ Demo

Other:
N/A

### Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ____N/A____
____N/A____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

### Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ __18,074.45__ plus finance charges accruing on the unpaid balance at the rate of __20.000__ % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at __20.000__ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

CT

Retail Installment Contract-NC Not for use in transactions secured by a dwelling.
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RSSIMVLFLZNC 10/1/2019
Bankers Systems®
Page 1 of 5

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 479.70 ) | $ 17,969.70 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b–c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 700.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ 700.00 |
| j. | **Unpaid balance of Cash Price** (a–i) | $ 17,269.70 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 109.75 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Service Contract, paid to: Carvana | $ 1,500.00 |
| o. | To: Gap Coverage | $ 695.00 |
| p. | To: N/A | $ N/A |
| q. | To: N/A | $ N/A |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 2,304.75 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount Financed** (j+y–z) | $ 18,074.45 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single  ☐ Joint  ☒ None
Premium $ N/A  Term N/A
Insured N/A

**Credit Disability**

☐ Single  ☐ Joint  ☒ None
Premium $ N/A  Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: N/A                 N/A DOB
Date:

By: N/A                 N/A DOB
Date:

By: N/A                 N/A DOB
Date:

**Property Insurance.** You must insure the Property. **You may purchase or provide the insurance through any insurance company reasonably acceptable to us.** The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.
This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov.  $ N/A
☐ $ N/A Deductible, Comprehensive  $ N/A
☐ Fire-Theft and Combined Additional Cov.  $ N/A
☐ N/A  $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. **You may purchase the coverage from a company of your choice, reasonably acceptable to us.** If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

Retail Installment Contract-NC  Not for use in transactions secured by a dwelling.
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
CT
RSSIMVLFLZNC 10/1/2019
Bankers Systems®
Page 2 of 5

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

[X] **Service Contract**
Term: 48 months
Price: $ 1,500.00
Coverage: Carvana Vehicle Protection

[X] **Gap Waiver or Gap Coverage**
Term: 72 months
Price: $ 695.00
Coverage: Gap Coverage

[ ] _____
Term: N/A
Price: $ N/A
Coverage: N/A

By: *Cargina Taylor*    01/22/2021
By: Cargina Dixon Taylor    Date

By: N/A    N/A
      Date

By: N/A    N/A
      Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $35.00.

**Governing Law and Interpretation.** This Contract is governed by the law of North Carolina and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees not in excess of 15% of the outstanding balance owing on the Contract at the time we begin a lawsuit to enforce and/or collect this Contract.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

♦ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

♦ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.

♦ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

♦ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

♦ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

♦ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

Retail Installment Contract-NC  Not for use in transactions secured by a dwelling.
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
CT    RSSIMVLFLZNC 10/1/2019
Bankers Systems®
Page 3 of 5

DocuSign Envelope ID: 4EDFBA90-210E-4AD2-B659-EE310B487771

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property, to the extent permitted by law. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Notices

Note. If you purchased the Vehicle primarily for personal, family, household, or agricultural purposes, the following notice applies: **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Retail Installment Contract-NC  Not for use in transactions secured by a dwelling.
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
RSSIMVLFLZNC 10/1/2019
Bankers Systems®
Page 4 of 5

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *Cargina Taylor*  01/22/2021
Cargina Dixon Taylor    Date

By: N/A    N/A
         Date

By: *[signature]*   01/22/2021
CARVANA, LLC    Date

**Notice to Buyer.** 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

By: *Cargina Taylor*  01/22/2021
Cargina Dixon Taylor    Date

By: N/A    N/A
         Date

By: N/A    N/A
         Date

**Seller**

By: *[signature]*   01/22/2021
CARVANA, LLC    Date

**Assignment.** This Contract and Security Agreement is assigned to N/A _____,

the Assignee, phone ____N/A____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**

N/A                       N/A
By:                       Date

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

Retail Installment Contract-NC Not for use in transactions secured by a dwelling.
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
CT   RSSIMVLFLZNC 10/1/2019
Bankers Systems®
Page 5 of 5

# STATE OF NORTH CAROLINA

MVR-191 (Rev. 01/2017)

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| JA4AP3AW9HZ054113 | 2017 | MITS | MP |

| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
|---|---|---|
| 778865210556672H | 10/19/2022 | |

**ODOMETER READING**
024431

**ODOMETER STATUS**

**TITLE BRANDS**

MAIL TO:
CARVANA
PO BOX 2997
PHOENIX  AZ  85062-

**OWNER(S) NAME AND ADDRESS**
CARGINA DIXON TAYLOR
2904 CASONA WAY
RALEIGH  NC  27616-5589

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.



*Wayne Goodwin*
COMMISSIONER OF MOTOR VEHICLES

**FIRST LIENHOLDER:**         DATE OF LIEN  02/24/2021
CARVANA LLC
PO BOX 29002                   LIEN RELEASED BY:
PHOENIX  AZ  85038-9002        SIGNATURE_____
                                TITLE_____  DATE_____

**SECOND LIENHOLDER:**        DATE OF LIEN
                                LIEN RELEASED BY:
                                SIGNATURE_____
                                TITLE_____  DATE_____

**THIRD LIENHOLDER:**         DATE OF LIEN
                                LIEN RELEASED BY:
                                SIGNATURE_____
                                TITLE_____  DATE_____

**FOURTH LIENHOLDER:**        DATE OF LIEN
                                LIEN RELEASED BY:
                                SIGNATURE_____
                                TITLE_____  DATE_____

**ADDITIONAL LIENS:**

112560711
72H  T1C72HZ

**ANY ALTERATIONS OR ERASURES VOID TITLE**